UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF FLORIDA
Case No. 22-20244-CR-GAYLES

UNITED STATES OF AMERICA,

vs.

FREDERICK LEE ALVIN,

  Defendant.
_____/

### ORDER DENYING DEFENDANT'S THIRD
### MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT

THIS MATTER is before the Court on Defendant Frederick Lee Alvin's third Motion[1] to Dismiss Count 4 of the Second Superseding Indictment charging him with knowingly being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C.§ 922(g)(1). [DE 176]. This motion makes an as applied constitutional challenge to the statute[2] and is filed for appellate purposes given recent developments in the law. *Id.* at 1. The Government responded [DE 177], to which Defendant did not reply. Having considered the Parties' papers and the record, and because § 922(g)(1) is not unconstitutional as applied to Defendant, the Motion must be denied.

### I.   LEGAL STANDARD

A defendant can move to dismiss an indictment under Fed. R. Crim. P. 12(b)(3)(A)(iii) on constitutional grounds. An indictment may de dismissed where there is an infirmity of the prosecution's law. *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). The

---

[1] Defendant's first motion, which sought to dismiss both Counts 3 and 4 of the Superseding Indictment [DE 25], was denied as moot at the status conference after the filing of the Second Superseding Indictment [DE 80]. As to the second motion [DE 92] which sought to dismiss only Count 4, Magistrate Judge Torres recommended denial in an extensive opinion, [DE 105], which the District Court adopted and affirmed. [DE 111].

[2] The Defendant's two prior motions to dismiss this count were facial challenges [DE 25; DE 92].

1

indictment's allegations are assumed to be true and are viewed in the light most favorable to the government. *Id.*

## II.   DISCUSSION

Defendant argues Count 4 violates the Second Amendment as applied in this case because his prior felony drug convictions are non-violent and over ten years old.[3] The Second Amendment guarantees the right of "the people" to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 579-95 (2008). The Eleventh Circuit has held that a convicted felon is disqualified from exercising Second Amendment rights. *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). Defendant maintains his position that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S 1 (2022) overrules the Eleventh Circuit's holding in *Rozier* and that Defendant, despite his prior felony convictions, is a part of "the people" who may exercise Second Amendment rights. However, as Judge Gayles and Judge Torres already found, *Bruen* and *Rozier* are not in conflict. The issue addressed in *Bruen*, whether state firearm regulation requirements were consistent with the historical tradition of firearm regulation, does not affect the threshold question decided in *Rozier*— whether felons are a part of the "the people" protected by the Second Amendment. Thus, Defendant's renewed argument fails.

Moreover, the recent case law from other district courts in Pennsylvania, Louisiana, and Illinois do not change this outcome.[4] The district courts in those cases applied the Third Circuit's

---

[3] Specifically, Defendant has the following prior felony convictions: (1) a 2002 conviction for cannabis distribution; (2) a 2003 conviction for carrying a concealed firearm as a minor; (3) a 2003 conviction for cocaine distribution; (4) a 2006 conviction for cocaine and cannabis distribution; (5) a 2007 conviction for cannabis distribution; and (6) a 2013 conviction for cocaine distribution. [DE 177 fn. 3]

[4] Defendant cites to *United States v. Quailes*, 2023 WL 5401733 (M.D. P.A. Aug. 22, 2023); *United States v. Harper*, 2023 WL 5672311 (M.D. Pa. Sept. 1, 2023); *United States v. Leblanc*, 2023 WL 8756694 (M.D. La. Dec. 19, 2023); and *United States v. Griffin*, 2022 WL 8281564 (N.D. Ill. Nov. 30, 2023).

reasoning in *Range v. Att'y Gen. of the United States of America, et al,* 69 F.4th 96 (3rd Cir. 2023), a civil case brought by a putative gun purchaser with a twenty-five-year-old felony conviction for making a false statement on a food stamp application.[5] In *Range*, the Third Circuit decided that petitioner was still part of the "people" who may exercise Second Amendment rights despite his prior conviction and ordered the district court to enter a declaratory judgment in his favor that he could not, hypothetically, be charged under § 922(g)(1)— despite no such charge ever being brought. *Id.* at 106. *Range*, however, is not instructive here.

First, this Court is bound by *Rozier*. Furthermore, the Eleventh Circuit has not yet decided whether the age or nature of a prior felony conviction determines whether the Government can constitutionally charge an individual under § 922(g)(1). Second, the facts of this case do not necessitate a finding that § 922(g)(1) is unconstitutional as applied to Defendant, as the Third Circuit did in *Range*, given that this is a criminal case and Defendant's criminal history is more extensive than the petitioner in *Range*. While Defendant has preserved these issues for appeal, his argument at this juncture fails. Accordingly, it is

**ORDERED THAT** Defendant's Third Motion to Dismiss Count 4 of the Second Superseding Indictment [DE 176] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this 10 day of January 2024.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

CC:   The Honorable Edwin G. Torres
      Counsel of record

---

[5] The Third Circuit noted that *Bruen* did not address whether felons are a part of "the people" protected by the Second Amendment because the petitioners in *Bruen* did not have criminal histories. *Range*, 69 F.4th at 101.