UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-20244-GAYLES

UNITED STATES OF AMERICA

vs.

FREDERICK LEE ALVIN,

    Defendant.
_____/

### ORDER DENYING DEFENDANT FREDERICK LEE ALVIN'S RENEWED MOTION FOR ACQUITTAL

THIS MATTER is before the Court on Defendant Frederick Lee Alvin's Renewed Motion for Judgment of Acquittal [DE 228] following a six-day jury trial conducted in two phases. After the Phase I evidence, the jury returned a guilty verdict against Defendant as to all four counts in the Indictment: conspiracy to commit Hobbs Act robbery (Count 1), Hobbs Act robbery (Count 2), possession and discharge of a firearm in furtherance of a crime of violence (Count 3), and possession of a firearm and ammunition by a convicted felon (Count 4). [DE 213.] After hearing the Phase II evidence, the jury found that the Government proved beyond a reasonable doubt that Defendant had three prior felony convictions on three separate occasions to justify a Count 4 Armed Career Criminal Act (ACCA) enhancement. [DE 218.]

Because the Court reserved ruling on the Motion for Judgment of Acquittal after the Phase II evidence, Defendant renewed his motion solely as to Phase II on the grounds that the evidence, specifically the copies of the certified convictions and the fingerprint examiner's testimony without introduction of the known sample fingerprint card, was insufficient as to justify the ACCA enhancement.[1] [DE 228.] The Court has reviewed the Motion [DE 228], the Government's Response [DE 230], and the record. Because there was sufficient evidence to send the case to the jury and the verdict was supported by the Phase II evidence, the Motion must be denied.

---

[1] Defendant properly preserved all objections which the Court did rule on for purposes of appeal.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). In considering a motion for judgment of acquittal, "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F. 3d 1076, 1079 (11th Cir. 1999). Thus, in ascertaining whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt, the Court must view the evidence in the light most favorable to the government, resolve any conflicts in the evidence in the government's favor, and accept all reasonable inferences that tend to support the government's case. *Id.*

## II. DISCUSSION

Defendant argues that there was insufficient evidence to support the Phase II verdict because the Government did not introduce as an exhibit the known sample to support the fingerprint expert's opinion. The issue in Phase II was whether the Defendant committed three felonies on three separate occasions prior to the instant charge. To meet its burden for Phase II of the trial, the Government introduced as evidence certified copies of three separate felony convictions, all three for possession of cocaine with intent to sell. The first certified conviction from 2003 lists the defendant as "Fredrick Alvin, aka Frederick L. Alvin, Fredrick Lee Alvin." [DE 227-1 at 2.] The second certified conviction from 2006 lists the defendant as "Fredrick Lee Alvin, aka Freddrick L. Alvin, Frederick L. Alvin, Frederick Lee Alvin, Fredric Alvin, Fredrich Alvin, Fredrick L. Alvin." [DE 227-3 at 1.] The third certified conviction from 2012 lists the Defendant as "Frederick Lee Alvin, aka Freddrick Alvin, Frederick L. Alvin, Frederick Lee Alvin, Fredric Alvin, Fredrick Alvin, Fredrick L. Alvin." [DE 227-5 at 1.] All three certified convictions contain the named defendant's fingerprints. [DE 227.]

The Government then called fingerprint expert Jourdan Moultrie to testify, whose expertise was not challenged by a Daubert motion. Ms. Moultrie testified that she took Defendant's fingerprints in open court on January 4, 2024, compared those prints to the ones on the certified convictions, and determined that the January 4, 2024 fingerprint sample matched the sets of fingerprints on the 2003, 2006, and 2012

certified convictions. [DE 215.] However, because the Government did not put Defendant's January 4, 2024 fingerprint card into evidence so the jury could personally compare the sets of fingerprints, Defendant argues that Ms. Moultrie's testimony alone without the tangible record was insufficient to support the jury's Phase II verdict.

Here, the Government introduced sufficient evidence for the jury to deliberate and reach their verdict. First, a reasonable jury could have determined that Defendant was the same "Frederick Alvin" named in the convictions. Second, a reasonable jury could have determined, given the dates of the convictions, that they occurred on three separate occasions. Third, the jury was instructed that they did not have to accept Ms. Moultrie's testimony. Lastly, even though the Government did not admit the fingerprint card itself, the jury was able to observe Ms. Moultrie, assess her credibility, and decide whether to accept her testimony that the sample she took from Defendant on January 4, 2024 matched those on the 2003, 2006, and 2012 certified convictions given her experience in the area of fingerprinting. This is sufficient evidence to find that Defendant committed three felonies on three separate occasions prior to the instant offense. Therefore, it is

**ORDERED** that Defendant Frederick Lee Alvin's Renewed Motion for Acquittal [DE 228] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 28 day of February, 2024.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      The Honorable Edwin G. Torres

3